WHITMORE, *plaintiff in error, vs.* SANBORN.

It is not the enrollment of a citizen on the muster roll of a local militia company,
but it is his residence within its limits, which renders him liable to do military
duty therein.    Such residence is therefore a material fact to be proved by the
clerk, in every action for a penalty for neglect of military duty.

THE writ of error in this case was brought to reverse the judg-
ment of a Justice of the peace, rendered in favor of *Sanborn*, clerk
of a company of local militia, in an action of debt against the plain-
tiff in error, for a penalty for neglect of appearance at a company
training, to which judgment exceptions had been filed by the origi-
nal defendant, now plaintiff in error.

Several errors were assigned, but the judgment was reversed for
the fourth only, which is stated in the opinion of the Court.

*Boyd*, for the defendant in error, contended that the enrollment
was conclusive evidence of the liability to do military duty in the
company ; for which he cited *Johnson v. Morse,* 7 *Pick.* 253.    At
least it was *prima facie* evidence, requiring the other party to show
that he was exempted.    But the record shows that the enrollment
was in a militia company in the town of *Standish*, commanded by
Capt. *William Marean*, and that the original defendant was a citi-
zen of that town.    It is therefore to be presumed that this was the

only company of militia there, the contrary not appearing; and that the limits of the company were identical with those of the town. And this was sufficient to throw the burden of proof on the defendant.

*Fairfield*, for the plaintiff in error.

. PARRIS J. delivered the opinion of the Court.

The fourth error assigned in this case is, "that although the original plaintiff was called upon by the defendant so to do, he did not introduce any evidence to shew the bounds or limits of the company, of which he was clerk and that the defendant resided within those bounds. Yet the Justice decided that it was not necessary for the plaintiff to produce such evidence."

By the laws of the United States and this State, every able bodied white male citizen between the ages of eighteen and forty five years, with few exceptions, is liable to the performance of a certain military service for the public security. The law has pointed out the mode in which this service shall be performed, and clothed certain officers with power to superintend and require its performance. The power of these officers is particularly defined, and is to be exercised only within certain territorial limits. These limits are prescribed by the Governor with the advice of the council. Whoever claims to exercise this power over any of the citizens must shew that his claim is founded in legal right. He must shew that he is properly authorized, and that his authority extends to the case in question.

The original defendant is prosecuted for not attending a training of the company of infantry commanded by *William Marean*, of which the plaintiff is clerk, and the allegation in the writ is, that the defendant belonged to said company, and was liable to do military duty therein. By the defendant's plea that he is not indebted, every material allegation in the plaintiff's writ is put in issue. This being a local company, not raised at large by voluntary enlistment, must have some certain, fixed territorial limits, and is composed of such persons only as reside within those limits. The commanding officer of the company is presumed to know the extent of his com-

Whitmore v. Sanborn.

mand, and to be able to show it by competent proof. The clerk, also, who has the custody of the official papers and records of the company, is presumed to be furnished with proof of its limits, or he would be unable to decide who were and who were not liable to enrollment. These officers claim to exercise authority over a portion of the citizens; and is it unreasonable that they should be held to prove their authority, before requiring submission to it, or rather before exacting a penalty for not submitting to it? They are held to produce the evidence of their official character, by which it appears that the one is captain and the other clerk of a company within a certain regiment; but neither the commission of the captain or the warrant of the clerk will shew the bounds of their command. This will appear only by the record of the order of the Governor and council, by which the company was formed and its local limits prescribed. A copy of that record is, or ought to be on the files of the company. It was, or ought to have been passed down, through the several grades of officers, to him whose immediate duty it was to superintend the first organization of the company. If it was so done, the prosecuting officer has the highest proof at hand, by which he can at once shew, conclusively, the bounds of the company. If that proof be not on file, but has been lost by time or accident, there can be no difficulty in supplying the deficiency, by obtaining a new copy from the proper office. And if there should be a case where the original record itself is not to be found, or is defective, the commanding officer of the company has only to apply to the Governor and council for a new order, establishing the bounds of his company, and every difficulty will be obviated. Such proof ought to be in the possession, and with the records of every company.

Suppose the clerk, by mistaking the territorial limits, should place upon his roll, by direction of the captain, the names of persons residing without the bounds of his company. Do they thereby become members of, and liable to do duty in the company? Clearly not. And must he not show that they are members, and are so liable, before he can charge them with a penalty for neglect?

It is not the placing the name on the company roll that creates the liability to perform military duty in any particular company, but

Whitmore v. Sanborn.

it is a residence within the bounds of that company. If that be established, the citizen's liability is fixed, unless he fall within the class of exempts. But in order to enforce this liability, he must be enrolled and warned.

If the proof of enrollment is evidence of belonging to the company, and liability to perform military duty therein, why is not the proof of warning, evidence of the fact also ? The law requires that the enrollment shall be by the captain or commanding officer, of such as reside within the bounds of his company; and as to the warning it requires that the captain shall issue his orders to notify the men belonging to his company. If the act of enrolling by the captain is to be evidence of membership, why not the act of warning? If by the proof of enrollment it is to be presumed that the person enrolled resides within the bounds of the company, because the captain is to enroll no others, why shall not the proof of warning be presumptive evidence that the person warned belonged to the company, because the captain is not authorised to cause any others to be warned? And yet it was never contended that this would be sufficient. The plaintiff alleges that he is clerk, must he not prove it? He alleges that the defendant was warned ; is he not required to prove it? He alleges the neglect to appear, and can he, without proof, rely upon his allegation merely and call upon the defendant to shew that he did appear? Is not the defendant safe, under his plea that he is not indebted, until these affirmative allegations are all supported by proof ? No one ever doubted it. And can it be that the more important allegation, of belonging to the company and liability to perform duty in it, can be proved, either presumptively or conclusively, by the mere exhibition of the company roll; by proof manufactured by the captain and clerk, the very persons between whom the penalty, if any shall be recovered, is to be divided? We think not. That is proof of enrollment merely ; but as enrollment does not of itself constitute membership ; is not in itself the foundation of the liability, we think that he, who, as clerk, claims a penalty for neglect to perform military duty, must in the first place, establish the liability, especially, when it is in his power so easily and satisfactorily to do it ; and that he should be

40

required to prove, otherwise than by his own acts or those of his captain, that the person, whom he attempts to charge with neglect, resided within the bounds of the company of which he is clerk.

Without giving any opinion upon the other errors assigned, we are of opinion that the fourth is well assigned, and for that, the judgment is reversed.